UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-375-GWU

RENEE JONES
for ROBERT DALTON JONES,                                        PLAINTIFF

VS.                           **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                        DEFENDANT

**INTRODUCTION**

Robert Jones, by and through Renee Jones, his mother and legal guardian,

appeals from the negative administrative decision on his application for Child's

Supplemental Security Income (SSI).  The case is before the undersigned on cross-

motions for summary judgment.

**LAW APPLICABLE TO CHILD'S SSI BENEFITS**

As of 1996 strict standards for child's SSI claims were adopted.  The Welfare

Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered
> disabled for the purposes of this title if that individual has a medically
> determinable physical or mental impairment which results in marked
> and severe functional limitations, and which can be expected to result
> in death, or which has lasted, or can be expected to last for a
> continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe

functional limitation(s)."  The impairment must meet, medically equal, or functionally

1

06-375  Jones for Jones

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2.  20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. Section 416.924.  If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI.  Section 416.926a.  Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning).  Id.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jones, a 9 year-old second grader, suffered from impairments related to an adjustment disorder and borderline intelligence.  (Tr. 20-21).  Despite the child's impairments, the ALJ determined that he did not meet, "medically equal" or "functionally equal" the requirements of any of the Listing of Impairment sections.  (Tr. 21).  Therefore, the plaintiff could not be considered totally disabled.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the

06-375  Jones for Jones

current record also does not mandate an immediate award of Child's SSI. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

Renee Jones argues that an immediate award of SSI is required because her son meets the requirements of Section 112.05D of the Listing of Impairments relating to mental retardation.  This listing section requires that a plaintiff demonstrate "a valid verbal, performance, or full scale IQ of 60 though 70 and a physical or other mental impairment imposing additional and significant limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 112.05D (emphasis added).

Robin Pagin, a certified school psychologist, administered the Wechsler Intelligence Scale for Children-Fourth Edition (WISC-IV).  The testing revealed a Full Scale IQ score of 72 as well as a Verbal Comprehensive Index score of 81, a Perceptual Reasoning Index score of 63, a Working Memory Index score of 83 and a Processing Speed Index score of 88.  (Tr. 149-150).  Jones asserts that the Perceptual Reasoning Index score of 63 is within Listing range and is sufficient to meet the requirement.

The Court notes that unlike previous versions of the WISC, the WISC-IV, which was introduced in 2003, no longer includes verbal and performance IQ

3

06-375 Jones for Jones

scores. The test consists of the four indexes which go into making one full scale IQ score. Resources for Students and Professors: History of the WISC-IV, at www.psychpage.com/learning/library/intell/wisciv_hx.html. As previously noted, the young man's full scale IQ score was 72 and, so, not within the Listing range. The Listing, which speaks of full scale, verbal and performance IQ scores, has not been updated to accommodate the revised scoring system for the WISC-IV. Therefore, a Perceptual Reasoning Index score of 63 would not appear to be sufficient to meet the Listing requirement.

Renee Jones also argues that her son "functionally equals" the requirements of a Listing and, so, should be regarded as totally disabled. The Court agrees with the plaintiff to the extent that the ALJ's finding on this point is not supported by substantial evidence.

In order to functionally equal a Listing, a claimant must prove that he has a "marked" limitation in two of six broad areas of functioning known as "domains" or an "extreme" limitation in one domain.[1] 20 C.F.R. Section 416.926a(d). The six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating

---

[1]A "marked" limitation is defined as an impairment which "seriously interferes with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. Section 416.926a(e)(2). An "extreme" limitation is defined as an impairment which interferes "very seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. Section 416.926a(e)(3).

06-375  Jones for Jones

objects, (5) caring for oneself, and (6) health and physical well-being.  20 C.F.R. Section 416.926a(b)(1).

In the present action, Robert Jones was found to have a "marked" limitation of ability in the domain of attending and completing tasks.  (Tr. 18-19).  The plaintiff's ability was found to be "less than marked" in the areas of acquiring and using information, interacting and relating with others, and in self care.  (Tr. 18-20). The ALJ found no limitation in the domains of moving about and manipulating objects and in health and well being.  (Tr. 19-20).  Jones asserts that the evidence supports far more restrictions than those found by the ALJ.

The ALJ relied upon the opinion of Psychologist Ann Demaree, a non-examining medical reviewer, in reaching his conclusions concerning Jones' functioning.  (Tr. 20).  Demaree saw the record in October of 2004 and noted the findings that the ALJ ultimately made in this case on a Childhood Disability Evaluation Form.[2]  (Tr. 169-175).

Significant evidence of record indicates the existence of more severe mental limitations than that indicated by Demaree.  The record reveals that Jones was evaluated at his school by a team concerning whether he should be placed in special education.  One of the team members was Pagin, the school psychologist.

---

[2]Psychologist Edward Stodola saw the record in July of 2004 and identified the existence of somewhat less severe mental limitations.  (Tr. 162-168).

(Tr. 124).  This team concluded that the boy suffered from a mild mental disability and was eligible for special education services.  (Tr. 121).  Attached to this report was a notion that the claimant's cognitive functioning was at least two standard deviations below the mean and that his adaptive behavior was at least two standard deviations below the mean.  (Tr. 126).  The administrative regulations provide, with regard to a "marked" limitation, that "it is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean."  20 C.F.R. Section 416.926a(e)(2). This suggests that at least in the area of acquiring and using information (which would relate to most directly to cognitive functioning), the plaintiff's impairment might be "marked" as well and, so, he would have two areas of "marked" restrictions, thereby functionally equaling a Listing.

As a certified school psychologist, Pagin was an "acceptable medical source" whose opinion could be binding on the ALJ at least to the extent of establishing mental retardation, borderline intelligence, and learning disabilities.  20 C.F.R. Section 416.913(a)(2).  The report of her committee, which she signed, appears to endorse at least "marked" cognitive impairments.  Pagin also examined Jones.  In order for the ALJ to rely upon the opinion of Demaree, the non-examiner, over that of Pagin, Demaree was required to articulate reasons for her differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  However, Demaree failed to

06-375  Jones for Jones

mention any reason for her differing opinion.[3]  Therefore, the ALJ could not rely upon this opinion and an remand of the action for further consideration is required.

The Court notes that other evidence of record also suggests more severe impairment than that found by the ALJ.  Two of the three teachers who completed Teacher Questionnaires rated Jones as having more severe problems in the area of "acquiring and using information" than in the area of "attending and completing tasks."  Robin Thacker rated the plaintiff's impairment as a "very serious problem" in four of ten areas under the domain of "acquiring and using information" but gave a rating of this severity in only three of thirteen areas with regard to the domain of "attending and completing tasks." (Tr. 103-104).  Another teacher, Susan Fiechter, indicated a "very serious problem" in half of the areas with regard to the domain of "acquiring and using information" but less than half of the areas with regard to the domain of "attending and completing tasks." (Tr. 140-141).  Nevertheless, Demaree and the ALJ each found that boy's ability was "less than marked" in acquiring and using information and "marked" in attending and completing tasks.  No reasons were cited for this finding.  If the non-examiners had a good rationale for this discrepancy the reasons needed to be explicitly stated.

---

[3]Stodola, the other medical reviewer, also did not articulate any reasons to support his opinion.

7

06-375  Jones for Jones

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of June, 2007.

Signed By:

G. Wix Unthank

United States Senior Judge