UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-375-GWU

RENEE JONES for
ROBERT DALTON JONES, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

# INTRODUCTION

Jones's counsel originally filed a motion for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412, seeking $150.00 an hour for 30.5 hours of work performed on Jones's successful appeal, as well as expenses of $37.83. Docket Entry No. 16.[1] Following receipt of the Commissioner's opposition to this motion, Docket Entry No. 18, Jones's counsel filed a supplemental petition, Docket Entry No. 22, seeking an additional 3 hours for reviewing and responding to the Commissioner's arguments.

# APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. Section

---

[1] Counsel requests 31.5 hours, but adding all of the items listed totals only 30.5 hours.

1

06-375  Jones for Jones

2412(d)(2).  There is a statutory <u>cap</u> of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap.  <u>Kerin v. U.S. Postal Service</u>, 218 F.3d 185 (2nd Cir. 2000).  Additionally, cost of living and "special factors" may justify increasing the rate <u>above</u> the cap.  28 U.S.C. Section 2412(d)(2).  Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation."  <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n. 11 (1984).  The definition of community in this context is rather flexible. According to one district court, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district.  <u>London v. Halter</u>, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001).  The Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the <u>metropolitan area</u> in which another Social Security appeal was brought.  <u>Chipman v. Secretary of Health and Human Services</u>, 781 F.2d 545, 547 (6th Cir. 1986).  In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the <u>nation</u> were higher.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 572 (1988).  The burden

06-375  Jones for Jones

is on the plaintiff to provide evidence that the rates he requests are in line with appropriate community rates.  Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases.  Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992).  Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute.  Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate.  28 U.S.C. Section 2412(d)(2)(A).  However, this term has been fairly narrowly interpreted by the Supreme Court.  Pierce v. Underwood, 487 U.S. at 552 (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation).  Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement.  Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

06-375  Jones for Jones

## DISCUSSION

The defendant challenges some of the hours and tasks itemized by counsel, as follows:

First, the Commissioner maintains that it was excessive to charge a total of 17 hours for review of a transcript of 244 pages and write a brief.  In view of the brevity of the transcript in the present case, the court agrees that a slight reduction to 15 hours is warranted.  This still allows counsel for the plaintiff an amount of time for research and writing at the upper end of what is normally requested by other experienced attorneys in the district.

Second, the defendant objects to compensation for travel time to file documents.  The only travel listed in the present petition is an initial trip to file the complaint.  Consistent with this court's prior practice, such a trip is compensible. See King v. Barnhart, Pikeville Civil Action No. 01-266 (E.D. Ky. January 24, 2003). The court notes that, with the advent of mandatory electronic filing, such expenses might not be compensible in the future.

Third, the defendant complains that an excessive amount of time has been claimed to receive and review routine orders and motions.  A total of 1.6 hours is claimed for receipt and review of the electronic notice of the court's order granting the plaintiff's motion to proceed in forma pauperis, download and review of process receipts and return, and reviewing the defendant's answer and transcript.  A spot

4

review of petitions from other attorneys shows a range of .35 to .60 hours for the same items.  Cf. <u>Sams v. Commissioner of Social Security</u>, London Civil Action No. 06-462-GWU (E.D. Ky.); <u>Carmack v. Commissioner of Social Security</u>, London Civil Action No.06-256 (E.D. Ky.).  As these matters are routine and should not require 90+ minutes for review, a reduction of 1 hour is appropriate.  Nor does it appear appropriate to charge .20 hours on two occasions to review an electronic notice generated by the Clerk of Court's office indicating that motions had been submitted to chambers for review.  Such notices are mere formalities and do not require any action on the part of counsel.

For the reasons stated in the Commissioner's brief, counsel for the plaintiff has failed to show that prevailing market rates for the kind and quality of services performed justify an increase in the hourly rate from $125.00 to $150.00 an hour. <u>Commissioner's Opposition to Plaintiff's Motion for Payment of Attorney Fee</u>, Docket Entry No. 18, pp. 2-4.

Finally, counsel requests an additional 3 hours for preparing a response to the Commissioner's brief.  Since some of the defendant's objections were meritorious, no additional fees will be granted.

The court finds a total of 27.1 compensible hours at $125.00, for a total of $3,387.50 in fees and $37.83 in expenses.

06-375  Jones for Jones

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees is GRANTED to the extent that counsel is awarded $3,387.50 in fees and $37.83 in expenses.

This the 31st day of October, 2007.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**